IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02223

IHAB ALSHAWI and SARAH ALSHAELI

Plaintiffs,

v.

ANGEL HEART HOME CARE LLC, a Colorado limited liability company,
BRITTANY ALSHAWY,
and HUDA ALSHAWY,

Defendants.

# COMPLAINT

Plaintiffs Ihab Alshawi and Sarah Alshaeli, by and through their attorneys, Miller & Law, PC, for their Complaint against the Defendants, Angel Heart Home Care LLC and its principals, Brittany and Huda Alshawy, state as follows:

## NATURE OF THE ACTION

1. This action is brought to redress the Defendants' willful violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201-219 ("FLSA") and the Colorado Wage Act, C.R.S. §§8-4-101, *et seq.* ("CWA"), Defendants' breach of a loan agreement, as well as the violation of Colorado common law prohibiting the wrongful termination of employment in violation of public policy. Specifically, Defendants deliberately failed and refused to pay Plaintiffs their earned regular wages, entered into and then breached a loan agreement with Plaintiffs, then terminated their employment shortly after Plaintiffs complained about the Defendants' illegal wage practices and other unethical business practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1367.  This Court has supplemental jurisdiction of Plaintiff's state law claims, which form part of the same case or controversy, pursuant to 28 U.S.C. § 1367(a). The unlawful employment practices alleged herein were committed within the jurisdictional boundaries of the United States District Court for the District of Colorado and venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiffs Ihab Alshawi ("Ihab") and Sarah Alshaeli ("Sarah") are individual residents of the state of Colorado, with a residential address of 7435 S. Norfolk St., Aurora, CO 80016.

4. Defendant Angel Heart Home Care, LLC ("AHHC") is a Colorado limited liability company, with a principal place of business located at 825 N. Circle, Suite 203, Colorado Springs, CO 80909.

5. Defendant Brittany Alshawy ("Brittany") is a principal of AHHC and is an individual resident of the state of Colorado, with a residential address of 6612 Cottonwood Grove Dr., Colorado Springs, CO 80925.

6. Defendant Huda Alshawy ("Huda") is a principal of AHHC and is an individual resident of the state of Colorado, with a residential address of 6612 Cottonwood Grove Dr., Colorado Springs, CO 80925.

## GENERAL ALLEGATIONS

7. AHHC operates a home health care business.

8. At all times relevant to the employment relationship set forth herein, AHHC was under the control of Brittany and Huda.

9. At all times relevant to the employment relationship set forth herein, Brittany and Huda had the power and authority to establish and implement employment and personnel policies, hire and fire employees, set compensation and work schedules, establish working conditions, sign paychecks, issue pay statements, and direct legal proceedings on behalf of AHHC.

10. Ihab was employed by AHHC as an Administrator from January 20, 2020 through May 17, 2021.

11. Sarah was employed by AHHC as an Administrator from August 24, 2020 through May 17, 2021.

12. At all times relevant to the employment relationship set forth herein, Ihab and Sarah worked under the direct supervision and control of Brittany and Huda in the performance of their employment duties for AHHC.

13. For purposes of both the FLSA and the CWA, Brittany and Huda were also Plaintiffs' "employer," and they may personally be held liable for Plaintiffs' unpaid wages.

14. AHHC hired Ihab as a W2 employee at the base wage rate of $40.00 per hour.

15. AHHC hired Sarah as a W2 employee at the base wage rate of $22.50 per hour.

16. Defendants dictated the specific hours that Plaintiffs were expected to work.

17. During the period of employment at issue, Ihab worked a total of 813 hours for AHHC from December 28, 2020 through May 17, 2021, corresponding to $21,060.00 in regular base wages.

18. Ihab is entitled to additional wages from AHHC in the total amount of $11,060.00, representing 363 hours of regular wages; AHHC has failed to pay these wages.

19. During the period of employment at issue, Sarah worked a total of 813 hours for AHHC from December 28, 2020 through May 17, 2021, corresponding to $16,860.00 in regular base wages.

20. Sarah is entitled to additional wages from AHHC in the total amount of $6,860.00, representing 363 hours of regular wages; AHHC has failed to pay these wages.

21. AHHC claims to have experienced financial difficulties beginning in January 2021.

22. Defendants contacted Plaintiffs and begged them to loan money to the Defendants to cover company payroll until AHHC got caught up on its Medicaid payments – which Defendants claimed would occur within two weeks.

23. Defendants agreed that they would repay the loan within one month.

24. Plaintiffs collected money from family and friends and used all of their children's savings as well as their own savings to help Defendants with their financial issues.

25. On January 27, 2021, Brittany and Huda went to Plaintiffs' home and borrowed the sum of $47,500.00 (the "Loan").

26. Notwithstanding Defendants' agreement to pay back the Loan several weeks later, they failed to do so, claiming that they did not have the funds.

27. In late February 2021, Brittany left several voice messages (on Flock) for Ihab, asserting that Defendants did not have the money to pay back the Loan; Brittany directed Ihab to stop asking for the money back.

28. Brittany represented in these messages that AHHC was in "a really bad situation," and that it "probably would be closed soon."

29. Brittany promised that Defendants would return the borrowed Loan money to Plaintiffs, but she did not know when or how; she noted that Plaintiffs should be thankful that she was promising to return the money, when Defendants could simply file for bankruptcy.

30. Ihab explained that these funds had been borrowed from family and friends, and that everyone had been promised that they would be getting their money back within several weeks.

31. Finally, on March 28, 2021, Defendants paid back $25,000.00 of the $47,500.00 that Plaintiffs had loaned to Defendants; Brittany represented that Defendants would "pay the rest soon."

32. During April 2021, Ihab asked Defendants to return the balance of the loaned funds.

33. Defendants began withholding wages in March and April 2021.

34. Plaintiffs made further demands for the return of the balance of the loaned funds on April 23, May 3, May 8, May 12 and May 16, 2021; Defendants continually responded that they had "no money" and that Plaintiffs would "need to wait" to be repaid for the loan.

35. Notwithstanding Defendants' representations, AHHC continued to pay all employees other than Plaintiffs at their regular wages.

36. On May 17, 2021 Defendants terminated Plaintiffs' employment without explanation.

37. On information and belief, Plaintiffs' employment was terminated solely because of Plaintiffs' inquiries as to why AHHC had not paid their outstanding wages and failed to pay the outstanding balance of the Loan.

38. Notwithstanding the abrupt cessation of their employment on May 17, 2021, Plaintiffs still have not received payment in full of their outstanding wages from AHHC.

39. AHHC thus failed to pay Ihab for $11,060.00 in regular wages to which he was entitled, and AHHC failed to pay Sarah for $6,860.00 in regular wages to which she was entitled.

40. The total unpaid balance on the Loan stands at $22,500.00.

41. Defendants admittedly have breached their Loan agreement with Plaintiffs.

42. Through their counsel, Plaintiffs served a written demand for payment of wages on the Defendants on June 21, 2021, and they followed up on that written demand through multiple oral and written communications with counsel representing the Defendants during June and July 2021.

43. More than fourteen (14) days have passed following Defendants' receipt of Plaintiffs' demands for payment of wages, yet Defendants still have not paid any amount toward the $17,920.00 in outstanding compensation that Plaintiffs are owed.

44. Following their receipt of Plaintiff's wage payment demands, Defendants retaliated further against the Plaintiffs by filing a false police report against Plaintiffs on July 7, 2021, alleging that Plaintiffs had stolen various electronic items upon the conclusion of their employment almost two months earlier.

## CLAIMS FOR RELIEF

### First Claim For Relief
*(Willful Violation of the FLSA – By AHHC, Brittany and Huda)*

45. Plaintiffs restate and incorporate herein by this reference all above-stated paragraphs as if fully set forth herein.

46. Defendants failed and refused to pay Plaintiffs' wages as required under the FLSA.

47. Defendants failed and refused to pay wages to Plaintiffs in accordance with the minimum wage provisions of the FLSA.

48. Under the FLSA, the burden of keeping proper records of wages and hours is upon Defendants; Defendants breached this duty to the Plaintiffs.

49. Upon information and belief, Defendants failed to maintain accurate or complete books and records of all hours worked by Plaintiffs, in violation of the FLSA.

50. Defendants knew that Plaintiffs were covered by the provisions of the FLSA relating to record keeping and the payment of wages.

51. Upon information and belief, Defendants nonetheless failed and refused to comply with the provisions of the FLSA by failing to properly record Plaintiffs' hours and refusing to pay their wages.

52. As a direct and proximate result of Defendants' failures, Plaintiffs have incurred damages, including but not limited to unpaid wages, overtime and final pay, as well as attorney's fees and court costs.

53. Even though Plaintiffs' final wages were due and payable, Defendants have willfully failed and refused to pay such wages, despite the Plaintiffs' multiple requests.

54. Pursuant to the FLSA, Defendants are jointly and severally liable for liquidated damages in the amount of 100% of Plaintiffs' unpaid wages, as well as the payment of Plaintiffs' attorney's fees and court costs.

## Second Claim For Relief
### (Willful Violation of the Colorado Wage Act – By AHHC, Brittany and Huda)

55. Plaintiffs restate and incorporate herein by this reference all above-stated paragraphs as if fully set forth herein.

56. Defendants failed and refused to pay Plaintiffs' wages as required under the CWA.

57. Defendants failed and refused to pay wages to Plaintiffs in accordance with the minimum wage provisions of the CWA.

58.     Defendants failed to provide Plaintiffs with pay statements setting forth their pay and deductions for all pay periods that they worked for Defendants, as required under the CWA, C.R.S. §8-4-103.

59.     Upon information and belief, Defendants failed to maintain accurate or complete books and records of all hours worked by Plaintiffs, in violation of the CWA.

60.     Defendants persisted in said failure and refusal to pay Plaintiffs' accrued and unpaid wages for more than fourteen (14) days following Defendants' receipt of a written demand for same that was issued on Plaintiffs' behalf.

61.     Defendants' failure and refusal to pay all wages due and owing to Plaintiffs, in violation of the CWA, was willful.

62.     As a direct and proximate result of Defendants' violation of the CWA, Plaintiffs have incurred damages, including but not limited to unpaid wages as well as attorney's fees and court costs.

63.     Pursuant to the CWA, Defendants are jointly and severally liable for the amount of Plaintiffs' unpaid wages, including regular base wages, as well as a penalty in the amount of 125% of those wages, as well as the payment of Plaintiffs' attorney's fees and court costs.

64.     Pursuant to the CWA, Defendants' willful failure to pay Plaintiffs' accrued wages renders them jointly and severally liable for an additional penalty in the amount of 50% of those unpaid wages.

### Third Claim For Relief
*(Breach of Contract - Against AHHC, Brittany and Huda)*

65.     Plaintiffs restate and incorporate herein by this reference all above-stated paragraphs as if fully set forth herein.

66. The Loan is a valid and existing agreement that the Defendants entered into with the Plaintiffs.

67. Plaintiffs performed their obligations under those agreement by fully complying with the terms thereof.

68. Defendants materially breached the terms of their contractual obligations to the Plaintiffs, as set forth *infra*.

69. Defendants breached their agreements with the Plaintiffs by failing to pay all outstanding amounts owed to Plaintiffs pursuant to the Loan.

70. As a direct and proximate result of the Defendants' breach of their Loan agreement with them, the Plaintiffs have been damaged.

### Fourth Claim For Relief
*(Wrongful Termination in Violation of Colorado Public Policy for Exercising a Right – Against AHHC)*

71. Plaintiffs restate and incorporate herein by this reference all above-stated paragraphs as if fully set forth herein.

72. During the course of Plaintiffs' employment with AHHC, they exercised an important work-related right or privilege.

73. In particular, Plaintiffs exercised their work-related right to request payment of their outstanding wages, as well as payment of the unpaid balance of the Loan that Defendants owed to them.

74. Plaintiffs reasonably believed that they had a right to follow statutes, regulations and/or rules regarding the Defendants' payment of wages under these circumstances.

75. AHHC was aware, or reasonably should have been aware, that Plaintiffs reasonably believed under these circumstances (i) that they had a right to follow statutes, regulations and/or rules regarding the Defendants' payment of wages under these circumstances.

76. AHHC terminated Plaintiffs' employment because of, and in retaliation for, Plaintiffs' exercise of their right or privilege as workers to demand payment of outstanding wages owed by the Defendants, as well as payment of the outstanding Loan balance.

77. As a direct and proximate result of the AHHC's wrongful and retaliatory termination of their employment, Plaintiffs have suffered damages.

## Additional Claims For Relief

78. Plaintiffs reserve the right to add additional claims after discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against AHHC, Brittany and Huda, jointly and severally, and award them the following relief, to the fullest extent allowed by law:

i. Unpaid wages, including unpaid regular hours, in the total amount of $17,920.00;
ii. Liquidated damages in the amount of 100% of Plaintiffs' unpaid wages – $17,920.00 - pursuant to the FLSA;
iii. A penalty in the amount of 175% of Plaintiffs' unpaid wages - $31,360.00 - pursuant to the CWA;
iv. Attorneys' fees and costs associated with this action, including expert witness fees, pursuant to the FLSA and the CWA;
v. Lost compensation and benefits resulting from the wrongful termination of Plaintiffs' employment (against AHHC only), in an amount to be determined at trial;
vi. The unpaid balance of the Loan - $22,500.00;
vii. Pre- and post-judgment interest at the highest lawful rate; and
viii. Any further relief that this Court deems just and proper, and any other relief as allowed by law.

Dated this 16th day of August 2021.

                                        **MILLER AND LAW, P.C.**

                                        **By: /s/ David J. Meretta**
                                        David J. Meretta, #44409
                                        1900 W. Littleton Blvd.
                                        Littleton, CO 80120
                                        (303) 722-6500
                                        djm@millerandlaw.com

                                        Plaintiffs' address:

                                        7435 S. Norfolk St.
                                        Aurora, CO 80016