# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02223-PAB-STV

IHAB ALSHAWI and SARAH ALSHAELI
Plaintiffs,

v.

ANGEL HEART HOME CARE LLC, a Colorado limited liability company,
BRITTANY ALSHAWY,
and HUDA ALSHAWY,
Defendants.

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTIONS TO SET ASIDE STIPULATION OF DISMISSAL WITH PREJUDICE AND TO ENTER CONFESSED JUDGMENT

For their brief in support of their motions (Dkt. 26) to set aside the parties' June 21, 2022 Stipulation of Voluntary Dismissal With Prejudice (Dkt. 24), and to enter the Confession of Judgment executed by the Defendants (Dkt. 26-2), Plaintiffs, Ihab Alshawi and Sarah Alshaeli, by and through counsel, state as follows:

**Authority to Set Aside the Stipulation**

The Court's authority to set aside the Stipulation stems in part from Fed. R. Civ. P. 60(b), which allows for relief from a Judgment or Order upon a motion and on just terms. Under this Rule, the Court may relieve a party from a final judgment or order for various reasons, including, in pertinent part, (3) for fraud, misrepresentation, or misconduct by an opposing party, as well as (6) for any other reason that justifies relief.  The Plaintiffs submit that such relief is warranted in this case under subsections (3) and/or (6) of Rule 60(b). The Plaintiffs further note that their motion is timely under Rule 60(c)(1), which requires that a motion under Rule 60(b) be made within a reasonable time - and within no more than a year after the entry of the judgment or order with respect to a claim of fraud, misrepresentation or misconduct. The Court further has the authority

to set aside the Stipulation by enforcing the contractual terms to which the parties in this case have agreed.

**The Parties' Settlement Agreement and the Defendants' Confession of Judgment**

As set forth in the Plaintiffs' motions, the parties entered into a Settlement Agreement on June 16, 2022 (Dkt. 26-1), pursuant to which Defendants Angel Heart Home Care LLC, Brittany Alshawy and Huda Alshawy, jointly and severally agreed to pay a total of $80,090.00 to the Plaintiffs through a series of installment payments in exchange for the dismissal of Plaintiffs' claims in the above-captioned litigation, along with an exchange of mutual releases.

Notwithstanding their contractual obligation under the Settlement Agreement to make the first installment toward the $80,090.00 settlement payment on or before June 30, 2022, Defendants failed to pay any amount to the Plaintiffs toward their obligation. Accordingly, Plaintiffs (through counsel) sent a written Notice of Default to the Defendants as required under the Settlement Agreement (Dkt. 26-3); that Notice explained to the Defendants that they had until July 7, 2022 to cure the payment Default. Defendant Brittany Alshawy confirmed the Defendants' receipt of the Notice of Default on July 1, 2022. (Dkt. 26-4).

In this regard, Paragraph 2 of the Settlement Agreement provides, in pertinent part:

> 2. **Default under Payment Plan; Notice and Single Opportunity to Cure; Uncured Default**. In the event that a Payment Plan installment payment referenced in Paragraph 1 is not timely received in full by Employees and has not otherwise previously been prepaid in full by AHHC, this shall constitute an Event of Default under the Agreement, and AHHC shall be afforded a single opportunity to cure the Default within seven (7) calendar days following its receipt of written notice from Employees ("**Notice of Default**"), failing which this will constitute an "**Uncured Default**" under the Agreement, Employees shall be entitled to immediately proceed with judicial remedies against AHHC, jointly and severally, including but not limited to taking steps to enter or execute on the **Confession of Judgment** attached hereto as **Exhibit 1**. . . . In the event of an Uncured Default, Employees shall be entitled to add to the unpaid balance of the Settlement Payment their additional court costs, expenses, and reasonable attorneys' fees incurred in enforcing this Agreement through further collection proceedings through any court of competent jurisdiction, including but not limited to reopening the Litigation.

Despite the Defendants' receipt of the Notice of Default and their awareness of the 7-day cure period under the Settlement Agreement, they failed to make any payments to the Plaintiffs in satisfaction of their contractual obligations.

Under these circumstances, Plaintiffs have the contractual right under the Settlement Agreement to file a Confession of Judgment (Dkt. 26-2), which the Defendants executed and tendered to the Plaintiffs as security for the Defendants' timely performance of their installment payment obligations under the Settlement Agreement. In particular, Paragraph 3 of the Settlement Agreement provides:

> **3. Security for Settlement Payment; Default Balance**. As security for the Agreement and the obligation of AHHC to timely make the Settlement Payment, AHHC, jointly and severally, is delivering to Employees the Confession of Judgment, which shall be held by Employees' counsel. In the event of any Uncured Default, then Employees' counsel will be permitted to file the Confession of Judgment in any court of competent jurisdiction, and shall be entitled to the immediate entry of a judgment against AHHC, jointly and severally, which judgment shall be immediately enforceable following its entry. In such event, the "Default Balance" that shall be included in the Confession of Judgment shall be the sum of One Hundred Thirty Thousand Dollars (**$130,000.00**), less the total of the Settlement Payment that has been timely delivered to Employees (collectively, the "**Default Balance**"). AHHC waives any rights of appeal with regard to entry of the Confession of Judgment, and agrees to accept service of process by mail or by email at the following addresses: dogmama89@gmail.com and sendbad66@yahoo.com.

As Defendants have failed to meet their payment obligations under the Settlement Agreement, and have failed to pay anything to the Plaintiffs toward the agreed upon settlement amount, the Stipulation of Dismissal should be set aside, and the Default Balance to be entered by the Court pursuant to the Confession of Judgment is the sum of One Hundred Thirty Thousand Dollars (**$130,000.00**), plus Plaintiff's additional reasonable attorneys' fees and costs incurred in enforcing this Agreement and continuing this litigation, which fees and costs are in the current amount of **$1,764.76** (See 8/3/22 Affidavit of David J. Meretta, attached as **Exhibit A** hereto).

**Conclusion and Relief Requested**

Irrespective of whether Defendants' failure to honor their settlement payment obligations is considered by the Court to warrant setting aside the parties' June 21, 2022 Stipulation of Voluntary Dismissal With Prejudice (Dkt. 24) as a form of fraud, misrepresentation, or misconduct (Fed. R. Civ. P. 60(b)(3)), or simply as a catch-all reason that justifies relief under these circumstances (Rule 60(b)(6)), or simply pursuant to the parties' contract terms, Plaintiffs submit that such relief is compelled in this case. Indeed, the requested relief is *precisely* what the parties contractually agreed would be warranted in the event of the Defendants' non-payment. Accordingly, for good cause shown, Plaintiffs respectfully move this Court to set aside the parties' June 21, 2022 Stipulation of Voluntary Dismissal With Prejudice, and to enter Judgment against Defendants, Angel Heart Home Care LLC and Brittany and Huda Alshawy, jointly and severally, in the total amount of **$131,764.76.**

Plaintiffs note that while are willing to appear for a hearing before the Court in connection with the instant motions - and certainly will do so if requested by the Defendants – a hearing ultimately would only serve to increase the legal fees that the Defendants would be contractually obligated to pay in the event that the Court were to grant the motions. Accordingly, Plaintiffs are requesting that the Court determine this matter on the basis of the written briefs.

Respectfully submitted this 3rd day of August 2022,

**Attorney for Plaintiffs**:

**Miller & Law, P.C.**

**/s/ David J. Meretta**
David J. Meretta, Atty. Reg. #44409
1900 W. Littleton Blvd.
Littleton, CO 80120
(303) 722-6500
(303) 722-9270 fax
djm@millerandlaw.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that the foregoing Brief was served via electronic mail on this 3rd day of August 2022 on the following *pro se* Defendants, as well as by certified mail, return receipt requested:

Brittany and Huda Alshawy
Angel Heart Home Care, LLC (c/o Royal Home Care Services, LLC)
6612 Cottonwood Grove Drive
Colorado Springs, CO 80925
dogmama89@gmail.com
sendbad66@yahoo.com
info.ahcarecolorado@gmail.com

**/s/ David J. Meretta**
David J. Meretta